The opinion of the Court toas delivered hy

Mr. Justice Johnson.

It is not necessary to the determination of this case, to enter into a minute consideration of the several grounds taken in support of the present motion; they are all involved in a general view of the case itself; the conclusion from which appears to me to he irresistable. The condition of this bond requires nothing more of the defendant, than that he should make titles to the plaintiff for all the tract of land on which he lived, except two hundred acres; and that the land so to be conveyed, should include the plaintiff's improvements. Now, it will not be denied, that the plaintiff could not maintain an action on this contract, until the condition was broken. Has the defendant broken it? The answer is no: he has made, or, which is the same thing, offered to make the plaintiff a title to 167 acres of land.. *47 including the whole of his improvements; which is a literal compliance with the very letter of the condition. His bond therefore, has not been broken, and the plaintiff is not entitled to recover. It is not intended to advance the position, that there is no check on the power of the defendant to have located the land to be conveyed to the plaintiff, so capriciously, that it would have been of little or no value to him; on the contrary, I incline to think that in the partition of land, situated as this was, the same rules which apply to cases of joint tenancy and tenancy in common, ought to prevail; but a court of law possesses neither the power to make such a partition in this form of action, nor of compelling the defendant to carry it into execution. The court of equity alone, it appears to me, could give relief in such a case.
It may be necessary to remarle on the 2d ground of the motion, that this action is founded solely on the bond; raid even admitting that there was an express verbal agreement, that the line fir-t rim should be the dividing line between the par-ties, (if obligatory,) tbe defendant is only answerable on that agreement? • ,- and in addition to this view, I incline to think the defendant would be protected by the statute of frauds.
The motion is dismissed. —
Richardson, Huger, Colroclrani ■ Gantt, Justices, concurred.